# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BELLAIR CONDOMINIUM**
**ASSOCIATION, INC.,**

        **Plaintiff,**

**v.**                                                   **Case No:   6:18-cv-1200-Orl-31TBS**

**LEXINGTON INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 12) filed by the Plaintiff, Bellair Condominium Association, Inc. (henceforth, "Bellair"), and the response in opposition (Doc. 16) filed by the Defendant, Lexington Insurance Company ("Lexington").

### I.  Background

Lexington, a Delaware insurance company, insured the real property of Bellair, a Florida condo association. The real property included two buildings, both located at the same address in Daytona Beach. Bellair filed suit in state court on May 29, 2018, contending that its real property was damaged while Lexington's coverage was in effect, but that despite being informed of the damage, Lexington had "failed or refused to perform under the policy, fully value Plaintiff's losses and failed to fully pay for all of Plaintiff's losses as required by the insurance policy." (Doc. 2 at 2). Bellair's two-page Complaint, which sought only the jurisdictional minimum of $15,000, did not identify which (if any) of its two buildings had been damaged, and it did not describe the damage that had occurred.

Lexington was served with the Complaint on June 11, 2018. It removed the case to this court on July 25, 2018, asserting that the parties were diverse and the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332. Bellair does not dispute that the requirements of Section 1332 have been met. Nevertheless, it contends that remand is required because Lexington missed the thirty-day deadline for removal established by 28 U.S.C. § 1446(b). Lexington responds that it could not be sure when it was served with the complaint that the amount in controversy exceeded $75,000 and says it removed the case within thirty days of first receiving confirmation that it did.

## II. Legal Standards

A civil action filed in state court may be removed to federal court if the case could have originally been filed there. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over matters in which there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where a case as stated by the initial pleading is not removable, the defendant must file a notice of removal within thirty days after receipt of "an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is one "which is or has become removable." 28 U.S.C. §1446(b)(3).

## III. Analysis

Bellair contends that Lexington knew before the instant suit was filed that the amount in controversy exceeded $75,000. Therefore, Lexington knew that diversity jurisdiction existed when it was served with the Complaint on June 11, 2018, meaning the removal deadline passed two weeks before Lexington actually removed the case.

Lexington responds that it could not be sure the $75,000 jurisdictional threshold had been cleared when it first was served with the Complaint – which, as noted above, did not specify the

amount of damage or the building(s) allegedly suffering it. Based on a Civil Remedy Notice of Insurer Violations ("CRN") filed by Bellair with the state at the same time the Complaint was filed, Lexington knew that its insured was claiming to have suffered $410,440 in damage to its property. (Doc. 12-2 at 11). However, the CRN did not specify whether the property damage had been suffered at both of Bellair's buildings, or only one of them. The two buildings had separate deductibles: $311,185.54 for Building 1 and $15,584.78 for Building 2. Based on its own assessment of the damage, Lexington had already paid $13,836.94 to Bellair. Thus, if the alleged damage was limited to one of the buildings, the amount in controversy exceeded the $75,000 jurisdictional minimum. But if Bellair was alleging that both buildings had been damaged, then both deductibles could apply. Subtracting the combined deductible of $326,770.32 and the $13,836.94 already paid from the $410,440 repair estimate would result in an amount in controversy of only $69,823.74.

On July 16, 2018, Bellair sent Lexington a settlement demand that, *inter alia*, specified that the $410,440 in damage at issue had been suffered at Building 2. Lexington contends that this was the first time it could be sure the amount in controversy exceeded $75,000, and therefore the case was one that could be removed. Removal occurred nine days later.

The Court finds that the CRN did not provide enough information, on its own or in conjunction with the Complaint, for Lexington to be sure that the amount in controversy exceeded $75,000. Accordingly, the removal deadline did not begin to run until Lexington received the settlement demand on July 16, establishing that the damages had all been suffered at Building 2. Lexington's removal on July 25 was therefore timely.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 13, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE